IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYLL MILLER, | ) | |
|     Plaintiff, | ) | Civil Action No. 11-189Erie |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERINTENDENT DEBRA K. | ) | |
| SAUERS, et al, | ) | District Judge McLaughlin |
|     Defendants. | ) | Magistrate Judge Baxter |
| | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendants Sauers, Quick, Jones, Jane Doe and John Doe, Costanzo, Culver, and Averal [ECF No. 17] be GRANTED in part and DENIED in part. More specifically, the motion to dismiss should be granted in regards to the claims sounding in state tort law, "hate crime," "false reports," and "failure to report." The motion to dismiss should be denied in all other respects. Additionally, because they were not a part of the motion to dismiss, the excessive force claim (against Defendants Speer, Costanzo, and Culver) and the Fourteenth Amendment due process claim remain pending.

It is further recommended that the Motion to Dismiss filed by Defendant Simons [ECF No. 29] be DENIED.

It is further recommended that the Motion to Dismiss filed by Defendant Moll [ECF No. 52] be GRANTED due to Plaintiff's acknowledgement that he failed to exhaust his

administrative remedies against this Defendant. The Clerk of Courts should be directed to terminate Defendant Moll as a party to this action.

Plaintiff may file a Second Amended Complaint within twenty (20) days of the date the final order is entered on this Report and Recommendation.


**II.	REPORT**

**A.	Relevant Procedural History**

This civil action was filed in this Court on September 2, 2011. Plaintiff, *pro se*, brought this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during his incarceration at SCI Forest. Plaintiff alleges that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments when he was physically abused based upon his sexual orientation. See ECF No. 9, Plaintiff's Amended Complaint.

Named as Defendants are: Superintendent Sauers; Major Quick; Lieutenant Jones; *unknown* Sergeant "Jane Doe"; Correctional Officers Speer, Costanzo, Culver, Averal, and *unknown* "John Doe"; Dr. B.R. Simons; Dr. J.M. Moll; and other unidentified SCI-Forest employees. Except for Moll, Defendants are represented by the Attorney General's Office.

Defendants filed two separate Motions to Dismiss, one pertaining individually to Defendant B.R. Simons and the other pertaining to the remaining Defendants, except J.M. Moll. See ECF No. 29, & ECF No. 17. Plaintiff is now represented by Attorney John F. Mizner, who filed Plaintiff's Opposition to Defendants' Motion to Dismiss. ECF No. 51. These issues are sufficiently briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same).

This case presents itself in an unusual procedural posture. Both the Original and Amended Complaints were filed by Plaintiff *pro se* and are therefore entitled to the liberal pleading rules of Haines and its progeny. However, the filings by counsel on Plaintiff's behalf are not so entitled. See e.g. York v. Federal Bureau of Prisons, 2009 WL 690295, *2 (D. Colorado) (the pleadings filed while plaintiff was represented by counsel were not liberally construed by the court).

### 2. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C.    Plaintiff's Allegations

Plaintiff claims to have been physically harassed by prison officials at SCI-Forest based on his homosexual orientation. On April 20, 2010, Lieutenant Jones told Plaintiff that he would be changing cells from the "Restricted Housing Unit" to a "different cell". Plaintiff then asked to speak with a higher-ranking prison official. ECF No. 9, ¶¶ 4-7. After Lieutenant Jones denied Plaintiff's request to speak with another official, Plaintiff hung a white towel on his cell door to indicate that he wanted to speak with the higher-ranked prison official. Id. at ¶ 7. Allegedly, Lieutenant Jones ordered the Certified Emergency Response Team (CERT) to Plaintiff's cell.

Id. at ¶ 8. Along with Lieutenant Jones, the CERT included Defendants Speer, Costanzo, Culver, Averal, Sergeant Jane Doe, and John Doe. Id. at ¶ 12.

When the CERT entered his cell, Plaintiff alleges that he was physically pinned to the bed by Officers Speer, Costanzo, and Culver while Officer Speer repeatedly struck Plaintiff in the rectum with an Electronic Body Immobilizing Device (EBID). Id. at ¶¶ 12-15. Plaintiff heard Officer Speer state "take this you faggot" while being struck with the EBID. Id. at ¶ 16. Plaintiff suffered rectal burns and bleeding. Id. at ¶ 26.

Prior to this physical assault, Plaintiff alleges that Officers Speer and Costanzo made derogatory comments about his homosexuality and denied him meals and showers on multiple occasions. Id. at ¶¶ 27-28. Plaintiff alleges that he verbally notified and sent request slips to Lieutenant Jones about Speer's and Costanzo's threats and discriminating behavior. Id. at ¶ 29. Plaintiff further alleges that he "notified and informed" Major Quick about Speer's and Costanzo's "sexual discrimination". Id. at ¶ 30. However, neither Superintendent Sauers nor Major Quick took any action in regards to Plaintiff's complaints. Id. at ¶¶ 29-31. After Plaintiff was assaulted in his cell, Officers Speer and Costanzo "openly teased, taunted, and antagonized" Plaintiff in front of their coworkers. Id. at ¶ 32.

Following the physical assault, Plaintiff sought mental health counseling from Defendants Simons and Moll (mental health professionals) on multiple occasions. Id. at ¶¶ 10, 11, 33. Plaintiff repeatedly sent verbal and written requests to both Dr. Simons and Dr. Moll. Id. Plaintiff alleges that both doctors refused to interview or speak with him. Id. Plaintiff further alleges that Dr. Simons even sent him a "direct order" to stop submitting written requests for counseling. Id. at ¶ 34.

After filing grievances about the physical assault, Plaintiff was involuntarily transferred to SCI-Camp Hill. Id. at ¶ 36. Plaintiff alleges that his transfer was initiated by unidentified DOC personnel in retaliation for filing grievances. See Id.

Plaintiff's *pro se* Complaint and Amended Complaint must be liberally construed by this Court in order to address his claims. This Court has liberally construed the *pro se* pleadings as raising the following claims:

1. Excessive Force Claim Against Officers Speer, Costanzo, and Culver

2. Failure to Intervene Claim Against Officers Costanzo, Culver, Averal, John Doe, Sergeant Jane Doe, and Lieutenant Jones

3. Failure to Protect Claim Against Superintendent Sauers and Major Quick

4. Deliberate Indifference Claim Against B.R. Simons and J.M. Moll

5. Retaliatory Transfer Claim

6. Fourteenth Amendment/due process/equal protection claim

7. All Remaining Claims under state law

See Id. at ¶¶ 13, 34-41. Because Plaintiff is now counseled but no Second Amended Complaint was filed, the Court's parsing of the allegations of the uncounseled complaint differs from the arguments in the briefs. If Plaintiff's *pro se* allegations are being misinterpreted here, Plaintiff's counsel may remedy this by filing a Second Amended Complaint, not inconsistent with this Report and Recommendation.

### D. Excessive Force Claim Against Officers Speer, Costanzo, and Culver

This Court construes Plaintiff's Amended Complaint as raising an excessive force claim against Officers Speer, Costanzo, and Culver. See Id. at ¶¶ 13-15, 17. Plaintiff alleges that these

7

Defendants entered his cell, slammed him face down on his bed, and held him in place while Speer repeatedly struck Plaintiff with the EBID in his rectal area. Id.

During incarceration, the Eighth Amendment obligates prison officials to (1) refrain from using excessive force against prisoners and (2) provide humane conditions of confinement (i.e. food, shelter, and safety). Betts v. New Castle Youth Development Center, 621 F.3d 249, 256 (3d Cir. 2010) citing Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). Excessive force under the Eighth Amendment is the "unnecessary and wanton infliction of pain . . . . [which] constitutes cruel and unusual punishment[.]". Ingraham v. Wright, 430 U.S. 651, 670 (1977). Whenever prison officials use force against prisoners to keep order, the determinative inquiry is "whether [the] force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 8 (1992).[1]

Defendants' Motion to Dismiss does not address Plaintiff's excessive force claim against these three Defendants. Therefore, Plaintiff's excessive force claims remain pending.

### E. Failure to Intervene Claim Against Officers Costanzo, Culver, Averal, John Doe, Sergeant Jane Doe, and Lieutenant Jones

This Court liberally construes Plaintiff's *pro se* pleadings as raising a failure to intervene claim against Officers Costanzo, Culver, Averal, John Doe, Sergeant Jane Doe, and Lieutenant Jones because all these individuals were present when Officer Speer physically assaulted Plaintiff. ECF No. 9, ¶ 16. Certainly, the excessive force claim against Officers Costanzo and

---

[1] The relevant factors for courts to consider on an excessive force claim are: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) citing Whitley v. Albers, 475 U.S. 312, 321 (1986).

Culver for their participation with Speer overlaps with the failure to intervene claim, but this Court finds that Plaintiff has raised both claims against them. While this interpretation of the *pro se* pleadings may be over-inclusive, both claims against Costanzo and Culver exist unless a Second Amended Complaint alleges otherwise.

A prison officer's failure to intervene constitutes an Eighth Amendment violation if there was reasonable opportunity for the officer to intervene and he refused to do so. Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). A prison guard "cannot escape liability by relying upon his inferior or non-supervisory rank vis-a-vis the other officers." Id. In order to state a plausible failure-to-intervene claim, the plaintiff's allegations must suggest that the defendant both saw what happened and had a reasonable opportunity to intervene. See Whitehead v. Rozum, 2011 WL 6056617, *7 (W.D. Pa). See also Baker v. Monroe Township, 50 F.3d 1186, 190-191 (3d Cir. 1995) (liability exists under § 1983 when a prison guard has "knowledge of and acquiesced in other officers' constitutional violations").

Accepting Plaintiff's allegations as true, Officers Costanzo, Culver, Averal, John Doe, Sergeant Jane Doe, and Lieutenant Jones all witnessed Officer Speer's abuse. ECF No 9, ¶ 16. Plaintiff's allegations suggest that these prison officials were aware of Officer Speer's actions, had a reasonable opportunity to intervene, and refused to do so, thereby stating a plausible Eighth Amendment claim. Defendants' Motion to Dismiss should be denied in this regard.

### F. Personal Involvement of Superintendent Sauers, Major Quick, and Lieutenant Jones

Next, Defendants argue that Plaintiff has failed to adequately allege the personal involvement of Defendants Superintendent Sauers, Major Quick, and Lieutenant Jones. ECF No. 18, page 4. While a supervisor is generally not liable for the actions of his subordinates under §

9

1983 unless he was personally involved in the misconduct (see Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986) (supervisory liability can only be imposed if the official played an "affirmative part" in the complained-of misconduct); Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011) (plaintiff must show that the supervising official tolerated past or ongoing misbehavior from subordinate officers)), the Court does not interpret Plaintiff's claims in this manner.

As to Superintendent Sauers and Major Quick, the Court liberally construes Plaintiff's claims as failure-to-protect claims, rather than claims based upon supervisory liability, as Defendants interpreted them. To establish an Eighth Amendment claim based on a failure to protect theory, a plaintiff must demonstrate: (1) that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison official acted with deliberate indifference to their health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Moreover, the prison official "must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). The Third Circuit has further noted that "the restriction on cruel and unusual punishment contained in the Eighth Amendment reaches non-intervention just as readily as it reaches the more demonstrable brutality of those who unjustifiably and excessively employ fists, boots or clubs." Smith v. Mensinger, 293 F.3d 641, 651 (3d Cir. 2002).

Prior to the EBID incident, Plaintiff alleges that both Superintendent Sauers and Major Quick were aware of Officers Speer's and Costanzo's repeated harassment of Plaintiff based upon his sexual orientation. See ECF No. 9, ¶¶ 27-31. These allegations are sufficient to show that such practices were known and acquiesced in by Superintendent Sauers and Major Quick.

Therefore, Defendants' Motion to Dismiss should be denied because Plaintiff has stated a plausible failure to protect claim against Sauers and Quick.

As to Lieutenant Jones, as explained in the previous section, Plaintiff has stated a plausible failure to intervene claim against Lieutenant Jones, not a claim based upon supervisory liability.

### G. Deliberate Indifference Claim Against J.M. Moll

Defendant Dr. Moll argues that Plaintiff's claims against him should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

In the Brief in Opposition, Plaintiff's counsel acknowledges that Plaintiff has failed to exhaust his administrative remedies in regards to the claims against Dr. Moll. ECF No. 55. Accordingly, Dr. Moll's Motion to Dismiss should be granted and he should be terminated as a party to this case.

### H. Deliberate Indifference Claim Against B.R. Simons

Defendant Simons argues that Plaintiff has failed to state a plausible claim of deliberate indifference against him. ECF No. 30.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v.

Gamble, 429 U.S. 97 (1976).  The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Additionally, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Id. A mental health issue may constitute a serious medical need. Inmates of the Allegheny County Jail v. Pierce, 612 F.2d 754, 763 (3d Cir. 1979) ("Although most challenges to prison medical treatment have focused on the alleged deficiencies in medical treatment for physical ills, we perceive no reason why psychological or psychiatric care should not be held to the same standard.").

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference can be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (1990). Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims

a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F .2d 533, 575 n. 2 (3d Cir.1979).

In the case at bar, Plaintiff alleges that Defendant Dr. Simons refused to interview or speak with Plaintiff in regards to the abuse that Plaintiff experienced during the EBID incident. See ECF No. 9, ¶ 33. Furthermore, Plaintiff alleges that Dr. Simons actually ordered that Plaintiff stop submitting requests for counseling/treatment. See Id. at ¶ 34. Plaintiff did not receive any mental health treatment following the incident.

Defendant Simons argues that Plaintiff fails to state a claim because his own complaint acknowledges that he was receiving medical treatment. Simons' argument rests on Plaintiff's allegations that he was seen by a doctor, two nurses and he was placed in a psychiatric observation cell. These observations do not necessarily dispel the possibility that Plaintiff was denied mental health counseling as he claims in his pleading. Given the nature of the alleged violent assault suffered by Plaintiff, it is plausible that there was a serious medical need for mental health counseling. See Pierce, 612 F.2d at 763 (mental health issues may constitute a serious medical need). Furthermore, Plaintiff alleges that Dr. Simons refused to provide the mental health treatment he needed, which satisfies the deliberate indifference element. See Durmer, 991 F.2d at 68. Accordingly, Plaintiff has stated a plausible Eighth Amendment claim against Dr. Simons and the Motion to Dismiss should be denied.

### I. Retaliatory Transfer Claim

Next, Plaintiff alleges that unnamed DOC personnel "retaliatorily transferred" him to the SMU at SCI-Camp Hill after he exercised his constitutionally protected right to file grievances.

ECF No. 9, ¶ 41. Defendants move to dismiss based upon Plaintiff's failure to state a claim. ECF No. 18, page 10.

At this juncture, I must note that in the Opposition Brief, Plaintiff attempts to couch the retaliation claim in another factual light altogether and fails to discuss the retaliatory transfer claim.[2] It is not for this Court to determine if Plaintiff's argument in the Opposition Brief is an expression of his intent to withdraw the retaliatory transfer claim outlined in his Amended Complaint or an attempt to amend his complaint in a response brief, which is something he is not permitted to do under the Federal Rules. Reviewing his allegations in the light most favorable to Plaintiff, the retaliatory transfer claim, as pled in the Amended Complaint, withstands Twombly/Iqbal scrutiny.

It is well settled that retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution, which is actionable under § 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). "Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). See also Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) ("[A]n otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his exercise of First Amendment speech.").

In order to state a *prima facie* case of retaliation, a plaintiff must plead:

---

[2] Plaintiff's attempt to argue a retaliation claim against Lt. Jones based on his actions following Plaintiff's indication of his desire to speak to a higher-ranking prison official cannot be squared with the allegations of the Amended Complaint.

> (1) the conduct which led to the alleged retaliatory conduct was constitutionally protected;
>
> (2) that he was subjected to adverse action; and
>
> (3) the constitutionally protected activity was a substantial or motivating factor in the state actor's decision to take the adverse action.

Rauser, 241 F.3d at 333. See also Brightwell v. Lehman, 637 F.3d 1987, 194 (3d Cir. 2011).

First, the filing of grievances regarding the EBID incident represents constitutionally protected conduct. See Harris v. Terhune, 45 Fed.Appx 95, 97 (3d Cir. 2002). Second, to satisfy the adverse action prong, the prisoner must plead facts "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, F.Supp.2d 520, 535 (E.D. Pa. 2002) quoting Allah v. Seiverling, 229 F.3d at 225. Here, Plaintiff's allegation that he was transferred to the SMU at SCI-Camp Hill satisfies the adverse action prong.

Finally, "suggestive temporal proximity" between the exercise of the constitutionally protected right and the adverse action may satisfy the causation prong of a *prima facie* retaliation claim. Rauser, 241 F.3d at 334. In the present case, it appears that Plaintiff was transferred shortly after he filed the grievance. While Plaintiff will have to prove these allegations at trial, at this point in the case, he has sufficiently stated a plausible retaliation claim. The motion to dismiss should be denied.

### J. Fourteenth Amendment Claim

In the *pro se* Amended Complaint, Plaintiff alleges that he was "denied due process associated with first having a hearing and being psychologically evaluated before his placement in the Special Management Unit (SMU)." ECF No. 9, page 4.

Because Defendants have not moved to dismiss this claim, it remains pending.

### K. All Remaining Claims

In his *pro se* pleadings, Plaintiff also raises claims of "hate crime," "false reports," and "failure to report." ECF. No. 9, ¶¶ 38-40. These are not cognizable in this federal civil rights action. See e.g. Kilmer v. Doe, 2010 WL 5105173 (N.D. Cal.) (claims classified as "hate crimes" do not give rise to a cognizable § 1983 claim); Smith v. City of Montgomery, 2011 WL 5216309, **15-16 (M.D. Ala.) (a false report allegation failed to be recognized as viable claim under § 1983); and Pierce v. Delta County Dept. of Social Services, 119 F.Supp.2d 1139, 1152 (D. Col. 2000) (failure to report is not cognizable under § 1983).

Plaintiff also alleges claims involving state tort law. See ECF. No. 9, ¶ III. Plaintiff's state law claims are barred based on the doctrine of sovereign immunity. See 42 Pa.C.S. §§ 8521-8522; 1 Pa.Cons.Stat. § 2310. Therefore, Defendants' Motion to Dismiss should be granted in this regard.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss filed by Defendants Sauers, Quick, Jones, Jane Doe and John Doe, Costanzo, Culver, and Averal [ECF No. 17] be GRANTED in part and DENIED in part. More specifically, the motion to dismiss should be granted in regards to the claims sounding in state tort law, "hate crime," "false reports," and "failure to report." The motion to dismiss should be denied in all other respects. Additionally, because they were not a part of the motion to dismiss, the excessive force claim (against Defendants Speer, Costanzo, and Culver) and the Fourteenth Amendment due process claim remain pending.

It is further recommended that the Motion to Dismiss filed by Defendant Simons [ECF No. 29] be DENIED.

It is further recommended that the Motion to Dismiss filed by Defendant Moll [ECF No. 52] be GRANTED due to Plaintiff's acknowledgement that he failed to exhaust his administrative remedies against this Defendant. The Clerk of Courts should be directed to terminate Defendant Moll as a party to this action.

Plaintiff may file a Second Amended Complaint within twenty (20) days of the date the final order is entered on this Report and Recommendation.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 24, 2012